# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| **GERARD VAN DEN BOSCH**, *Plaintiff,* versus **JOSEPH BIDEN, JR., et. al.** *Defendants.* | Case No. 1:23-cv-00018 <br><br> Judge William L. Campbell, Jr. <br><br> Magistrate Judge Barbara D. Holmes |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND EXPEDITED CONSIDERATION

Pursuant to Federal Rule of Civil Procedure 65, Plaintiff Gerard van den Bosche (**"Plaintiff"**), by and through his attorneys, respectfully moves this Court for a preliminary injunction enjoining Defendants from enforcing Presidential Proclamation 10294 (the "**Proclamation**") and the Centers for Disease Control and Prevention's ("**CDC**") Implementing Orders and Guidance (collectively these CDC orders and guidance are denoted as "**the Travel Ban**") against Plaintiff. The Travel Ban places travel restrictions on non-citizens and non-residents of the U.S. who have not received a COVID-19 vaccine, including those, who, like Plaintiff, possess sincere religious beliefs that preclude vaccination.

Plaintiff, who is a citizen of the Netherlands, was issued an E-2 Visa in March of 2019 and presently works and resides in Maury County, Tennessee. As such, he is subject to our Nation's laws.

The issuance of a preliminary injunction is warranted because, as set forth in Plaintiff's accompanying Memorandum of Law: (1) Plaintiff is likely to succeed on the merits of his claim that the Travel Ban violates the Religious Freedom Restoration Act of 1993 ("**RFRA**") and the

First Amendment's Free Exercise Clause; (2) Plaintiff will suffer irreparable harm if the Travel Ban is continued to be enforced against him; (3) an injunction would cause no harm to others; and (4) the public interest will be served by injunctive relief.

Plaintiff is likely to succeed on the merits. The Travel Ban violates RFRA because it substantially burdens his ability to freely exercise his religious beliefs, and the Travel Ban is neither justified by a compelling interest, nor is it the least restrictive means of furthering any purportedly compelling interest Defendants possess.

The Travel Ban also violates the First Amendment because it permits a series of secular exemptions to its vaccination mandate that are subject to discretionary review by the CDC Director but does not permit a commensurate religious exemption option for non-citizen nonimmigrants who, like Plaintiff, possess sincerely held religious beliefs that preclude them from receiving a COVID-19 vaccine. For the same reasons it cannot survive strict judicial scrutiny under RFRA, the Travel Ban likewise cannot withstand strict scrutiny under the First Amendment.

Plaintiff has endured irreparable harm. In addition to the *per se* irreparable harms arising from the violations of RFRA and the First Amendment, Plaintiff has been unable to travel to his home country of the Netherlands for work and to participate in major life events with his family living in the Netherlands, while simultaneously maintaining his career. Due to the Travel Ban, Plaintiff has been indefinitely separated from his family in the Netherlands. This too constitutes ongoing irreparable injury.

Because constitutional violations have occurred, Defendants will suffer no harm if Plaintiff is granted injunctive relief. Likewise, granting an injunction in this case would serve the public interest because the Travel Ban is facially unconstitutional, and is also unconstitutional as applied to Plaintiff.

Plaintiff respectfully requests that, should this Court grant preliminary injunctive relief, the Court exercise its discretion to waive the Federal Rule of Civil Procedure 65(c) security requirement.

For the foregoing reasons, and as set forth in the accompanying memorandum of law, Plaintiff respectfully requests that this Court GRANT this motion for a preliminary injunction. Plaintiff requests a hearing and believes it would be helpful to the Court when considering the issues raised by the motion. Under Local Rule 7.01(a)(3), briefing should be concluded within twenty-one days after service of the summons and complaint, unless otherwise ordered by the Court. Plaintiff accordingly petitions the Court set a hearing date as soon as possible after the conclusion of briefing.

Plaintiff seeks an expedited ruling because he has arranged travel back to the Netherlands, including airfare, that **begins May 24, 2023** to see his elderly parents and the rest of his direct family. Plaintiff will not undertake that travel and will cancel the trip if the Travel Ban's continued enforcement against him is permitted. Plaintiff therefore respectfully requests that this Court resolve this motion for a preliminary injunction by May 19, 2023 so he can adjust his plans to the Court's order.

Dated: April 6, 2023

Respectfully submitted,

GLASSMAN, WYATT, TUTTLE & COX, P.C.

*/s/ Edwin E. Wallis III*

Edwin E. Wallis III (TN #23950)
26 North Second Street
Memphis, Tennessee 38103
Tel: (901) 527-4673
Fax: (901) 521-0940
E: ewallis@gwtclaw.com

SIRI & GLIMSTAD LLP

Aaron Siri, Attorney*
Walker D. Moller, Attorney*
Christina Xenides, Attorney*
745 Fifth Ave, Suite 500
New York, NY 10151
Tel: (212) 532-1091
Fax: (646) 417-5967
aaron@sirillp.com
wmoller@sirillp.com
cxenides@sirillp.com

Christopher Wiest, Attorney*
25 Town Center Blvd., Suite 104
Crestview, KY 41017
Tel: (513) 257-1895
Fax: (859) 495-0803
chris@cwiestlaw.com

Attorneys for Plaintiffs

*Pro hac vice requests pending

4

# CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2023, a true and correct copy of the foregoing was served by CM/ECF on all counsel or parties of record. I also certify that a correct copy of the foregoing, along with a copy of the summons and Complaint, will be served as soon as possible on each of the named Defendants and agencies at the following:

Rochelle Walensky, Director
Centers for Disease Control and Prevention
1600 Clifton Road
Atlanta, GA 30329

United States of America
c/o Attorney General Merrick Garland
950 Pennsylvania Avenue NW
Washington, D.C. 20530

Henry C. Leventis
U.S. Attorney for the Middle District of Tennessee
110 Ninth Avenue South, #A961
Nashville, TN 37203

Troy Miller, Commissioner
U.S. Customs and Border Protection
1300 Pennsylvania Avenue NW
Washington, D.C. 20229

Alejandro Mayorkas
Secretary of the Department of Homeland Security
Office of General Counsel
2707 Martin Luther King Jr. Avenue SE
Washington, D.C. 20528

The Honorable Joseph Biden, Jr.
President of the United States of America
White House 1600 Pennsylvania Avenue NW
Washington, D.C. 20500

The summons' returns will reflect the date(s) of such service of this pleading. I certify under penalty of perjury that the foregoing is true and correct.

Dated this 6th day of April, 2023

*/s/ Edwin E. Wallis III*
_____

Edwin E. Wallis III (TN #23950)
26 North Second Street
Memphis, Tennessee 38103
Tel: (901) 527-4673
Fax: (901) 521-0940
E: ewallis@gwtclaw.com